IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ILLINOIS REALTY GROUP HOLDINGS, LLC, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) CIVIL NO. 11-1009-GPM ) |
| NORTH POINTE INSURANCE COMPANY, | ) ) ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the Court *sua sponte* on the issue of federal subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3). *See Foster v. Hill,* 497 F.3d 695, 696-97 (7th Cir. 2007) ("It is the responsibility of a court to make an independent evaluation of whether subject matter jurisdiction exists in every case."); *Johnson v. Wattenbarger*, 361 F.3d 991, 992 (7th Cir. 2004) (a district court's "first duty in every suit" is "to determine the existence of subject-matter jurisdiction").

Defendant removed this case from the Circuit Court of Twentieth Judicial Circuit, St. Clair County, Illinois on November 16, 2011 subject to 28 U.S.C. §§ 1332, 1441, and 1446, claiming that this Court has original jurisdiction over the action pursuant to the complete diversity of the parties, as per 28 U.S.C. § 1332 (Doc. 2). Defendant correctly alleges its corporate citizenship by stating both the state of incorporation and the state in which its principal place of business is located. However, Defendant's allegation of Plaintiff's citizenship is deficient. Defendant is correct that the

citizenship of a limited liability corporation depends on the citizenship of each LLC member, *see Belleville Catering Co. v. Champaign Mkt. Place, L.L.C.*, 350 F.3d 691, 692 (7th Cir. 2003), but no sufficient allegation of citizenship can be made 'upon information and belief,' as Defendant has done here.

"[S]ubject matter jurisdiction must be a matter of certainty and not of probabilities (however high)." *Murphy v. Schering Corporation*, 878 F. Supp. 124, 125-26 (N.D. Ill. 1995); *see also Thomas v. Guardsmark, LLC,* 487 F.3d 531, 533 (7th Cir. 2007) ("[A]n appellant's naked declaration that there is diversity of citizenship is never sufficient."); *Medical Assurance Company, Inc., v. Hellman,* 610 F.3d 371, 376 (7th Cir. 2010) ("[W]e have said that affidavits alleging citizenship based on 'the best of my knowledge and belief' are, by themselves insufficient to show citizenship in a diversity case."), *citing America's Best Inns, Inc. v. Best Inns of Abilene, L.P.,* 980 F.2d 1072, 1074 (7th Cir. 1992).

Additionally, Defendant's notice of removal fails to include the full complaint which Plaintiff filed in St. Clair County. As attached to Defendant's notice of removal, the complaint appears to comprise seven pages (Doc. 2-1). However, pages three, four, and five of the seven-page document are not attached. For removal, 28 U.S.C. § 1446 requires Defendant to include a copy of all pleadings. Without a copy of Plaintiff's complaint, in its entirety, Defendant's notice of removal is incomplete.

"[W]hile a court must dismiss a case over which it has no jurisdiction when a fatal defect appears, leave to amend defective allegations of subject matter jurisdiction should be freely given." *Leaf v. Supreme Court of Wis.*, 979 F.2d 589, 595 (7th Cir. 1992). Accordingly, pursuant to 28 U.S.C. § 1653, Defendant, the proponent of federal jurisdiction, is **ORDERED** to file an amendment

to the notice of removal **on or before December 16, 2011**, to establish Plaintiff's citizenship independent of "information and belief," and to provide the Court with a full and accurate copy of Plaintiff's complaint. If Defendant fails to file an amendment to the notice of removal in the manner and time prescribed or if, after reviewing it, the Court finds that Defendant cannot establish federal subject matter jurisdiction, the Court will remand the action for lack of jurisdiction. *See Guaranty Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 59 (7th Cir. 1996) (remanding case because "it is not the court's obligation to lead [parties] through a jurisdictional paint-by-numbers scheme. Litigants who call on the resources of a federal court must establish that the tribunal has jurisdiction, and when after multiple opportunities they do not demonstrate that jurisdiction is present, the appropriate response is clear"); *see also Belleville Catering Co. v. Champaign Mkt. Place, L.L.C.*, 350 F.3d 691, 692 (7th Cir. 2003) ("Once again litigants' insouciance toward the requirements of federal jurisdiction has caused a waste of time and money.")

Additionally, the Court notes that Plaintiff has a currently-pending motion for remand (Doc. 6). This Order does not address the grounds for remand in Plaintiff's motion. Should Defendant wish to respond to the motion to remand, that response must be separately filed (entering an amendment to the notice of removal as per this Order will not serve as response to the motion for remand).

**IT IS SO ORDERED.**

DATED: December 8, 2011

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge